IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ERIC BERNARD (#R-25398), a/k/a TERRELL KING, | |
| Plaintiff, | No. 20-cv-50412 |
| v. | |
| | Honorable Iain D. Johnston |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and WEXFORD HEALTH SOURCES, INC. | |
| Defendants. | |
| ERIC BERNARD (#R-23598), | No. 20-cv-50413 |
| Plaintiff, | |
| v. | Honorable Iain D. Johnston |
| ROB JEFFREY'S, et al., | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR
<u>EXTENTION OF TIME TO COMPLETE DISCOVERY</u>**

Plaintiff, Eric Bernard, by and through his undersigned counsel, respectfully files this response to correct inaccuracies in Defendants' Motion for Extension of Time to Complete Discovery (*Bernard v. Jeffrey's et al.,* No. 20-cv-50413, ECF. 232), and states as follows:

1. On February 14, 2025, the Court entered an order setting the expert schedule the Parties' agreed to and submitted in their Joint Status Report:

- Plaintiff's expert report due 04/14/25;
- Defendants to depose Plaintiff's expert by 05/14/25;
- Defendants' expert reports due 07/14/25;
- Plaintiff to depose Defendants' experts by 08/12/25;
- Plaintiff's rebuttal expert reports due 09/11/25.

1

2. On April 8, 2025, Plaintiff filed an Unopposed Motion for Extension of Time to Extend Discovery Deadlines for 21 days. The court granted this motion and the modified scheduling order (*Bernard v. Jeffrey's et al.*, No. 20-cv-50413, ECF.191) was as follows:

- Plaintiff's expert report due 05/05/25;
- Defendants to depose Plaintiff's expert by 06/04/25;
- Defendants' expert reports due 08/04/25;
- Plaintiff to depose Defendants' experts by 09/02/25;
- Plaintiff's rebuttal expert reports due 10/02/25

3. On May 5, 2025, Plaintiff filed an Unopposed Motion for Extension of time to complete Expert Discovery, for one expert, Dr. Karen Reed, for seven Days. The court granted the extension (*Bernard v. Jeffrey's et al.*, No. 20-cv-50413, ECF.194), and Plaintiff provided his expert report on May 12, 2025.

4. On July 23, 2025, the Court entered an order scheduling a pre-settlement conference for Plaintiff's pending cases in the Eastern and Western Divisions of the Northern District of Illinois. *Bernard v. Jeffrey's et al.*, No. 20-cv-50413, ECF.199.

5. On July 30, 2025, Defendants contacted Plaintiff's counsel to request an extension of time to complete their expert disclosures, seeking a new deadline of August 29, 2025, an additional 25 days. Defendants stated only that one of their experts requested additional time to review the record and prepare his report, given the amount of records there are to review.

6. Defendants asked alternatively to "suspend expert discovery" until the pre-settlement conference and any subsequent settlement proceedings.

7. Plaintiff filed this case on October 26, 2020. ECF. 1.

8. Fact discovery was completed on January 21, 2025, over six months ago. Plaintiff agreed to multiple extensions to allow Defendants to respond to overdue discovery requests.

9. Considering the length of time Defendants have had the records in this case, and the prejudice to Plaintiff from further delay to setting these 2020 cases for trial, Plaintiff responded: "We do not agree to suspend discovery. We can agree to a shorter extension such as 2 weeks for Defendants' expert reports, but defendants have already had longer than usual with Plaintiff's reports and pushing back the schedule even further would prejudice Plaintiff."

10. Plaintiff suggested this compromise, which would give *all* Defendants' experts additional time to review the record and form their opinions.

11. Without seeking further explanation or compromise, Defendant Wexford's attorney stated, "Thanks, but my expert needs until the end of August. My expert also needed your experts' depositions which held up review of this matter. I'm not sure how an extension would 'prejudice' your case."

12. Then on July 31, 2025, Defendants filed their Motion for Extension of Time to Complete Discovery.

13. It is axiomatic that delay favors defendants and prejudices plaintiffs. This is in part because the "memories of witnesses may fade and the individual defendants may change jobs or move away during an indeterminate stay of this action." *Gonzalez v. Rodriguez*, No. 21-CV-06243, 2023 WL 8004288, at *3 (N.D. Ill. Nov. 17, 2023).

14. Defendants' prior delays in participating in discovery have already prejudiced Plaintiff. This risk increases from further delays. *Stoner v. Graddick*, 751 F.2d 1535, 1544 (11th Cir. 1985) ("Over a greater period of time witnesses are more likely to die, documents may well disappear or be destroyed, and memories are much more likely to fade."); *Covert v. Cellco Partnership*, 563 F.Supp.3d 767, 772 (M.D. Tenn. 2021) ("Prejudice occurs where the passage of

time leads to missing or unavailable evidence or the possibility of [witnesses'] faded memories.").

15. Plaintiffs invariably bear the burden of proof. Delay, under these circumstances of trauma and incarceration create barriers for Plaintiff in meeting his burden, exacerbated with time's passing.

16. Defendants' Motion for Extension of Time accuses Plaintiff of "petty gamesmanship" for opposing the extension, even though moving the case forward is clearly in his best interest.

17. Plaintiff did not accuse Defendants of "gamesmanship" when they made this request following the Court's setting of the pre-settlement conference, but Defendants' contrived accusations raise questions.

Plaintiff respectfully opposes Defendants' request to extend remaining expert discovery by 25 days.

Dated: July 31, 2025

Respectfully submitted,

*/s/ Maria Makar*
Maria Makar
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
312-243-5900
Makar@Loevy.com